UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:21-cv-51 (LMB/TCB) |
| | ) |
| FIRST BAPTIST CHURCH OF STERLING, | ) |
| | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION**

THIS MATTER is before the Court on Plaintiff the United States of America's ("Plaintiff" or "United States") Motion for Default Judgment Against First Baptist Church of Sterling. (Dkt. 15).[1] For the reasons articulated below, the undersigned U.S. Magistrate Judge recommends that the Court grant Plaintiff's motion and enter default judgment against Defendant First Baptist Church of Sterling ("Defendant").

I. BACKGROUND

A. **Procedural Posture**

Plaintiff filed this lawsuit against Defendant on January 15, 2021 to collect unpaid federal employment taxes (Count I) and civil penalties pursuant to 26 U.S.C. § 6721 (Count II). (Dkt. 1.) After Defendant failed to enter an appearance or respond in any fashion, Plaintiff requested the clerk's entry of default on March 4, 2021. (Dkt. 13.) The clerk then entered default judgment on March 8, 2021. (Dkt. 14.) Subsequently, on April 26, 2021, Plaintiff filed the instant motion for

---

[1] The relevant filings before the undersigned include Plaintiff's Complaint ("Compl.") (Dkt. 1); Plaintiff's motion for default judgment ("Mot. Default J.") (Dkt. 15); Plaintiff's Memorandum in Support of its Motion for Default Judgment Against Defendant First Baptist Church of Sterling ("Mem. Supp.") (Dkt. 16); and all attachments and exhibits submitted with those filings.

1

default judgment and noticed it for a hearing on Friday, May 28, 2021. (Dkts. 15, 17.) Then, the undersigned issued an order on April 27, 2021 stating:

> "[T]o proceed as cautiously and safely as possible, the Court will not hold a hearing on this matter. Instead, the Court will allow any interested party to file an objection within twenty (20) days of the date of this order. Accordingly, any objections to Plaintiff's motion for default judgment are to be filed with the Clerk's office by Monday, May 17, 2021 at 5:00 p.m. The undersigned will then issue a Report and Recommendation concerning the default judgment without a hearing.

(Dkt. 19 at 1.) No interested party filed a timely objection with the Clerk's office. Accordingly, the undersigned issues this Report and Recommendation to address Plaintiff's motion for default judgment.

### B.     Jurisdiction and Venue

Before the Court can render default judgment, it must have subject-matter and personal jurisdiction over the defaulting parties, and venue must be proper.

*First*, the undersigned finds that this Court has federal question subject-matter jurisdiction. The United States brought this suit to collect Defendant's unpaid federal employment taxes and civil penalties under federal internal revenue laws. (*See* Compl. at 1.) This Court therefore has original jurisdiction under 28 U.S.C. § 1331 (jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States"), 28 U.S.C. § 1340 (jurisdiction over "any civil action arising under any Act of Congress providing for internal revenue"), 28 U.S.C. § 1345 (jurisdiction over suits "commenced by the United States"), and 26 U.S.C. § 7402 (jurisdiction over suits "necessary and appropriate for the enforcement of the internal revenue laws.").

*Second*, the Court has personal jurisdiction over Defendant. The standards of federal due process and the forum state's long-arm statute must be satisfied for a federal court to have

personal jurisdiction over a party. *See Tire Eng'g & Distribution, LLC v. Shandong Linglong Rubber Co.*, 682 F.3d 292, 301 (4th Cir. 2012). Federal due process permits personal jurisdiction where a defendant has "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). Further, "a defendant should be able to anticipate being brought to court in the forum, in that the contacts must be directed at the forum state in more than a random, fortuitous, or attenuated way." *ePlus Tech., Inc. v. Aboud*, 313 F.3d 166, 176 (4th Cir. 2002). Virginia's long-arm statute, Virginia Code section 8.01-328.1, provides for personal jurisdiction to the extent that federal due process permits. *Id.* With federal due process and Virginia's long-arm statute requiring the same standard, essentially only one inquiry is required. *See id.*

Furthermore, a court may either have specific jurisdiction, which arises when the defendant's contacts with the forum state give rise to the basis of the lawsuit, or general jurisdiction, which arises when the defendant is domiciled in the forum state or if the defendant has affiliations with the state that are so "continuous and systematic" as to render the party "essentially at home." *Fireclean LLC v. Tuohy*, No. 1:16-cv-294-JJC-MSN, 2016 WL 4414845, at *2 (E.D. Va. June 14, 2016) (citation omitted); *see also Tire Eng'g*, 682 F.3d at 301 (citation omitted).

Here, the Court has personal jurisdiction over Defendant because it maintains its principle place of business in Sterling, Virginia, which is located in this judicial district. (Compl. ¶¶ 2, 4.) Therefore, Defendant has sufficient "continuous and systematic" affiliations within Virginia to be subject to general jurisdiction. *Cf. Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (corporations subject to general jurisdiction in places where they are "fairly regarded as at

3

home" (quotations omitted)).

***Lastly***, Plaintiff filed this lawsuit in the proper venue. Under 28 U.S.C. § 1391(b), venue is proper in a judicial district (1) "in which any defendant resides, if all defendants are residents of the State in which the district is located; or (2) "in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(1)-(2). Here, venue is proper because Defendant is a resident of this district. (Compl. ¶¶ 2, 4.)

### C. Service of Process

Before the Court can render default judgment, it must be satisfied that the defaulting parties have been properly served.

Under Federal Rule of Civil Procedure 4(h)(1)(B), a plaintiff can serve a foreign or domestic corporation "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B). Turning to Rule 4(e)(1), the provision allows service by "following state law . . . where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Under Virginia code section 8.01-299, "personal service on any officer, director, or registered agent" of a domestic corporation is proper. Va. Code Ann. § 8.01-299(1).

Here, Plaintiff's private process server served the summons on Bishop Leslie Patterson, Jr. on February 5, 2021. (*See* Dkt. 12.) The process server filed an affidavit showing proof of service in which he attested that he "served Bishop Leslie Patterson, Jr., who is designated by law to accept service of process on behalf of First Baptist Church of Sterling, Inc. on February 5, 2021." (Dkt. 12.) Upon, review of the affidavit and applicable law, the undersigned is satisfied that Plaintiff properly served Defendant.

4

II. FINDINGS OF FACT

Upon a full review of the pleadings and record in this case, the undersigned finds that Plaintiff has established the following facts.

The Department of Treasury assessed the following federal employment taxes against Defendant:

| Assessment Type | Tax Period Ending | Dates of Assessment | Amount of Assessment | Outstanding Balance (as of October 12, 2020) |
|---|---|---|---|---|
| FICA (Form 941) | 3/31/2008 | 12/7/2009 | $5,226.48 | $12,977.21 |
| FICA (Form 941) | 6/30/2008 | 12/7/2009 | $5,353.95 | $13,463.28 |
| FICA (Form 941) | 9/30/2008 | 12/7/2009 | $5,481.43 | $13,628.19 |
| FICA (Form 941) | 12/30/2008 | 1/12/2011 | $4,736.13 | $8,824.71 |
| FICA (Form 941) | 3/31/2009 | 1/12/2011 | $3,955.98 | $7,275.51 |
| FICA (Form 941) | 6/30/2009 | 1/12/2011 7/29/2013 | $3,267.32 $1,898.62 | $9,345.52 |
| FICA (Form 941) | 9/30/2009 | 1/12/2011 7/29/2013 | $4,138.88 $1,148.03 | $9,535.16 |
| FICA (Form 941) | 12/31/2009 | 1/12/2011 | $8,397.76 | $5,307.52 |
| FICA (Form 941) | 3/31/2010 | 1/12/2011 | $7,558.80 | $290.36 |
| FICA (Form 941) | 6/30/2010 | 1/12/2011 | $8,325.00 | $2,979.26 |
| FICA (Form 941) | 9/30/2010 | 1/12/2011 | $7,946.08 | $723.67 |
| FICA (Form 941) | 12/31/2010 | 3/28/2011 | $7,212.44 | $2,562.80 |
| **Total Outstanding Balance (as of October 12, 2020)** | | | | **$86,913.19** |

(Compl. ¶ 5; Mem. Supp. at 4-5, Exhibits A-C.)[2] In addition to the amounts above, interest continues to accrue on all of Defendant's unpaid balances. (Compl. ¶ 6.) The Department of

---

[2] Plaintiff attached IRS account transcripts as Exhibit A to its motion for default judgment. (Dkt. 15-1.) Forms 4340, certificates of assessments, payments, and other specified matters are attached as Exhibit B. (Dkt. 15-2.)

Treasury provided Defendant with notices and demands for payment, but Defendant has not paid its balances. (Compl. ¶ 7-8.) Accordingly, Defendant owed the United States $86,913.19 for federal employment taxes, penalties, and interest as of October 12, 2020. (Compl. ¶ 9.)

Additionally, Plaintiff alleges that Defendant failed to file W-2 forms on behalf of its employees. (Compl. ¶ 11.) Plaintiff therefore assessed the following civil penalties against Defendant pursuant to 26 U.S.C. § 6721:

| Assessment Type | Tax Period Ending | Dates of Assessment | Amount of Assessment | Outstanding Balance (as of October 12, 2020) |
|---|---|---|---|---|
| Civil Penalty (§ 6721) | 12/31/2007 | 09/13/2010 | $11,674.36 | $17,148.56 |
| Civil Penalty (§ 6721) | 12/31/2009 | 07/02/2012 | $540.00 | $742.37 |
| **Total Outstanding Balance (as of October 12, 2020)** | | | | **$17,890.93** |

(Compl. ¶¶ 10-12.) Plaintiff provided Defendant with notices and demands for payment, but Defendant has not paid. (Compl. ¶¶ 13-14.) Interest continues to accrue on Defendant's $17,890.93 civil penalties balance. (Compl. ¶ 12.)

### III. EVALUATION OF THE PLAINTIFF'S COMPLAINT

When a defendant has defaulted, the well-pleaded allegations of facts set forth in the plaintiff's complaint are deemed admitted. *JTH Tax, Inc. v. Grabert*, 8 F. Supp. 3d 731, 736 (E.D. Va. 2014) (citing *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001)). However, the defaulting party is not deemed to admit conclusions of law or "allegations regarding liability that are not well-pleaded." *Balt. Line Handling Co. v. Brophy*, 771 F. Supp. 2d 531, 540 (D. Md. 2011) (internal quotation marks and citations omitted)). As a result, before entering default judgment, the Court must evaluate the plaintiff's complaint against the standards of Federal Rule of Civil Procedure 12(b)(6) to ensure that the complaint properly states a claim upon which relief can be granted. *GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d

6

610, 612 n.3 (E.D. Va. 2003).

Here, Plaintiff claims it is entitled to collect federal employment taxes (Count I) and civil penalties (Count II) from Defendant. The undersigned will address each count in turn.

### A.      Collection of Federal Employment Taxes (Count I)

First, Plaintiff has sufficiently pled that Defendant owes $86,913.19 in federal employment taxes. The Internal Revenue Service ("IRS") "is authorized and required to make the inquiries, determinations, and assessments of all taxes…which have not been duly paid." 26 U.S.C. § 6201(a). "It is well established in the tax law that an assessment is entitled to a legal presumption of correctness – a presumption that can help the Government prove its case against a taxpayer in court." *United States v. For D'Italia, Inc.*, 536 U.S. 238, 242 (2002); *Trigon Ins. Co. v. United States*, 234 F. Supp. 2d 581, 586 (E.D. Va. 2002). Further, the taxpayer bears the burden of overcoming the presumption of correctness by presenting evidence of the "exact amount" of tax liability. *Trigon Ins. Co.*, 234 F. Supp. at 587 (*citing United States v. Janis*, 428 U.S. 433, 440 (1976)).

Here, the Department of Treasury assessed federal employment tax liability against Defendant for tax periods from March 31, 2008 through December 31, 2010. (*See* Mem. Supp. at 5; Mot. Default J., Exhibits A-C.) These assessments are presumptively correct, and Defendant has not attempted to rebut them, or even to respond to this lawsuit.

Accordingly, the undersigned finds that Defendant owed the United States federal employment tax, statutory interest, and penalties in the amount of $86,913.19 as of October 12, 2020.[3]

---

[3] Interest shall accrue at the rate 26 U.S.C. §§ 6621(b)(2) and 6622 from October 12, 2020 until Defendant pays the judgment in full.

### B.     Collection of Civil Penalties (Count II)

Second, Plaintiff has sufficiently pled that Defendant owes $17,890.93 in civil penalties. The Department of Treasury assessed civil penalties against Defendant in the 2007 and 2009 tax years. (Mot. Default J., Exhibit B.) As of October 12, 2020, these civil penalties amounted to $17,890.93, plus statutory interest.[4] (Mot. Default J., Exhibits B-C.) Plaintiff's assessments of civil penalties are entitled to the same presumption of correctness applied to the federal employment tax assessments above. *See supra* Part III.A. Again, Defendant has not met its burden in challenging these assessments. *See Trigon Ins. Co.*, 234 F. Supp. at 587.

### IV.   REQUESTED RELIEF

At this juncture, Plaintiff requests that the Court (1) enter default judgment against Defendant on Counts I (federal employment taxes) and II (civil penalties); and (2) order Defendant to pay $86,913.19 for federal employment taxes and $17,890.93 for civil penalty assessments as of October 12, 2020, plus statutory interest and other additions to tax accruing. The undersigned will address each form of relief in turn.

### A.     Entering Default Judgment on Counts I and II

The undersigned found above that Plaintiff pled a claim upon which relief can be granted under federal law. As a result, the undersigned recommends entering default judgment in favor of the United States and against First Baptist Church of Sterling on Counts I (federal employment taxes) and II (civil penalties) of the Complaint.

### B.     Payment of Federal Employment and Civil Penalty Assessments

As explained above, the Treasury Department's assessments are entitled to a presumption of correctness that Defendant has not met its burden in rebutting. Regardless, Plaintiff provided

---

[4] Interest shall accrue at the rate 26 U.S.C. §§ 6621(b)(2) and 6622 from October 12, 2020 until Defendant pays the judgment in full.

supporting IRS transcripts, certificates of assessment, and a declaration from a revenue officer to support its assessments. Accordingly, the undersigned recommends that the Court order Defendant to pay $86,913.19 for federal employment taxes and $17,890.93 for civil penalty assessments as of October 12, 2020, plus statutory interest and other additions to tax accruing.

## V. RECOMMENDATION

For the reasons articulated above, the undersigned recommends that the Court enter an order granting Plaintiff's Motion for Default Judgment (Dkt. 15), thereby entering default judgment in favor of Plaintiff and against Defendant First Baptist Church of Sterling. Further, the undersigned recommends that the Court award Plaintiff (1) $86,913.19 for federal employment taxes for various periods from March 31, 2008 through December 31, 2010, as of October 12, 2020, plus statutory interest and other additions to tax accruing; and (2) $17,890.93 for civil penalty assessments, as of October 12, 2020, plus statutory interest and other additions to tax accruing.[5]

---

[5] As noted above, the undersigned recommends that interest accrue at the rate 26 U.S.C. §§ 6621(b)(2) and 6622 from October 12, 2020 until Defendant pays the judgment in full.

## VI. NOTICE

The parties are advised that objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of its service. Failure to object to this Report and Recommendation waives appellate review of any judgment based on it.

                                                /s/
                              THERESA CARROLL BUCHANAN
                              UNITED STATES MAGISTRATE JUDGE

May 19, 2021
Alexandria, Virginia